**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EVERETT LEE PACK, | |
| Plaintiff | CIVIL ACTION NO. 3:26-CV-00248 |
| v. | (MEHALCHICK, J.) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.* | |
| Defendants. | |

**MEMORANDUM**

Before the Court is a complaint filed by Plaintiff Everett Lee Pack ("Pack"). (Doc. 2). Also pending is Pack's motion for leave to proceed *in forma pauperis*. (Doc. 7). The Court will grant the motion to proceed *in forma pauperis*, screen the complaint pursuant to 28 U.S.C. § 1915A, dismiss the complaint, and grant Pack leave to file an amended complaint.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The United States District Court for the Eastern District of Pennsylvania received and docketed Pack's complaint on January 12, 2026. (Doc. 2). This complaint names the following four defendants: (1) the Pennsylvania Department of Corrections ("DOC"); (2) Officer Ramos ("Ramos"); (3) Sergeant Bonilla ("Bonilla"); and (4) Officer Holzer ("Holzer"). (Doc. 2, at 2, 5).

In the complaint, Pack alleges that on October 31, 2025, Ramos told him she was going to "burn" him from a meal because he was fishing on the tier. (Doc. 2, at 6). Pack states that on November 1, 2025 Ramos was passing out breakfast trays and put his in the cell and "slammed the wicket" and walked away. (Doc. 2, at 3, 6). Pack then wrote a grievance and placed it on the door for pickup on November 2, 2025. (Doc. 2, at 3). Pack states that after

fifteen minutes placing the grievance on the door, it was picked up. (Doc. 2, at 3). Pack alleges that Defendant Bonilla then conducted an investigative cell search of his cell. (Doc. 2, at 3). During the search, Pack was placed in a camera cell. (Doc. 2, at 3). Drugs were allegedly found in his cell, but he was never given a confiscation slip for the drugs. (Doc. 2, at 3). Pack wrote a grievance. (Doc. 2, at 3). On December 17, 2025, Pack was issued a misconduct for the drugs. (Doc. 2, at 3). On December 19, 2025, a hearing was held, and Pack was found guilty of the drugs. (Doc. 2, at 3). Pack was sentenced to 30 days "D.C. time." (Doc. 2, at 3).

Pack alleges that "they" threw the grievance about the breakfast tray in the trash, so he rewrote the grievance and "they" threw that grievance away as well. (Doc. 2, at 3).

Pack alleges that while he was in the camera cell, he was not provided a mattress or "709." (Doc. 2, at 3). He states that once he was removed from the camera cell, he was placed in D-18 cell with no mattress and no "709." (Doc. 2, at 3).

Based on these alleged facts, Pack raises claims under the First, Eighth, and the Fourteenth Amendments. (Doc. 2, at 4, 7).

On January 23, 2026, the Eastern District of Pennsylvania transferred the case to this Court. (Doc. 5). On February 3, 2026, the Court received and docketed Pack's motion to proceed *in forma pauperis*. (Doc. 7). On February 17, 2026, the Court received and docketed a certified prisoner trust fund account statement. (Doc. 10).

The Court will grant the motion to proceed *in forma pauperis* and screen the amended complaint pursuant to 28 U.S.C. § 1915A.

II.   **JURISDICTION AND VENUE**

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases

arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because Pack alleges that all the events took place at the State Correctional Institution Camp Hill ("SCI-Camp Hill") (Doc. 2, at 8) in Cumberland County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b).

### III.    STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Pack is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal

claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in

the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if

5

a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## IV. DISCUSSION

### A. ALL SECTION 1983 CLAIMS AGAINST THE DOC WILL BE DISMISSED.

Pack attempts to bring constitutional claims under 42 U.S.C. § 1983 against the DOC. (Doc. 2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Here, Pack names the DOC as a defendant. (Doc. 2). It is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25–27 (1997). Therefore, the DOC is not a "person" within the meaning of 42 U.S.C. § 1983, and all claims raised against it will be dismissed with prejudice.

### B. ALL FIRST AMENDMENT RETALIATION CLAIMS WILL BE DISMISSED.

Pack brings a First Amendment retaliation claim against Defendant Bonilla for writing the grievance against Defendant Romas. (Doc. 2, at 7).

It is well-settled that prison officials may not retaliate against an inmate because he exercises his right of access to the courts. *Fantone v. Latini*, 780 F.3d 184, 191 (3d Cir. 2015). A prisoner asserting a retaliation claim must allege the following elements: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). The filing of a lawsuit or a prison grievance constitutes protected activity under the First Amendment. *Fantone*, 780 F.3d at 191.

This court has repeatedly refused to find the third factor, or the causal connection, when the alleged perpetrator of the retaliatory activity was not the subject of the constitutionally protected activity. *See Calloway v. Bauman*, No. 2:20-cv-2337, 2022 WL 4357468, at *9 (M.D. Pa. Sep. 20, 2022) *citing Victor v. Lawler*, 2010 WL 5014555, at *5 (M.D. Pa. Dec. 3, 2010), *aff'd*, 565 F. App'x 126 (3d Cir. 2014); *also citing Evans v. Rozum*, 2009 WL 5064490, at *22 (W.D. Pa. Dec. 17, 2009) ("There is no apparent reason why [the moving defendants] would want to retaliate against Plaintiff for filing a lawsuit against others."); *also citing Royster v. Beard*, 308 F. App'x 576, 579 (3d Cir. 2009) (affirming summary judgment in favor of defendant on plaintiff's claim that he was retaliated against by a defendant who was not the target of his protected activity).

Here, Pack is alleging that Defendant Bonilla retaliated against him for filing the grievance against Defendant Romas. (Doc. 2, at 7). However, since Defendant Bonilla was not the subject of the grievance, Pack has not alleged a causal connection in support of his First Amendment claim. Therefore, the claim will be dismissed without prejudice.

C. ALL EIGHTH AMENDMENT CLAIMS WILL BE DISMISSED.

Pack alleges that Defendant Romas used food as a disciplinary action against him and the denial of a mattress and "709" constitute violations of his Eighth Amendment rights. (Doc. 2, at 3-4, 7).

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. Amend. VIII. Prison conditions constitute cruel and unusual punishment if they result in a serious deprivation of the prisoner's basic human needs. *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). Only conditions that are so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'" *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)). Such a claim contains two requirements: an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner asserting a claim that the conditions of confinement violate the Eighth Amendment must allege: (1) that objectively, they were "incarcerated under conditions posing a substantial risk of serious harm;" and (2) that the defendant prison official personally knew of the substantial risk to the inmate's health or safety and failed to "respond [ ] reasonably to the risk." *Farmer*, 511 U.S. at 834, 844–45.

### 1. Meals

The Eighth Amendment requires that inmates be provided well-balanced meals containing sufficient nutritional value to preserve health. *Morales v. Bierly*, No. 1:24-CV-01081, 2025 WL 3205369 at *7 (M.D. Pa. Nov. 17, 2025) *citing Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). But "[t]he deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities." *Berry*, 192 F.3d at 507 (citations omitted). Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Berry*, 192 F.3d at 507. The "deprivation of a single meal does not rise to the level of an Eighth Amendment violation because 'only a substantial deprivation of food to a prisoner' states a viable Eighth Amendment claim." *Rieco v. Moran*, No. 15-2529, 2015 WL 7730985, at *1 (3d Cir. Dec. 1, 2015) (quoting *Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009)).

Here, Plaintiff alleges his breakfast tray was placed in his cell and wicket was slammed. (Doc. 2, at 6.) The Court construes this as Pack being denied the meal. The Third Circuit has expressly held that the denial of three meals over two days did not rise to the level of an Eighth Amendment violation. *Zanders v. Ferko*, 439 F. App'x 158, 160 (3d Cir. 2011). Therefore, the single denial of the meal does not rise to the level of an Eighth Amendment violation, and the Eighth Amendment claim will be dismissed without prejudice.

### 2. Mattress

Similarly, the lack of a mattress for a short period of time does not rise to an Eighth Amendment claim. *See, e.g., Freeman v. Miller*, 615 F. App'x 72, 77-78 (3d Cir. 2015) (nonprecedential) (seven days without mattress, shower, soap, recreation, or toilet paper due to suicide risk not unconstitutional); *Adderly v. Ferrier*, 419 F. App'x 135, 139 (3d Cir. 2011)

9

(nonprecedential) (seven days without clothing, toiletries, mattress, and shower was harsh but not a deprivation of life's necessities); *Stephens v. Cottey*, 145 F. App'x 179, 181 (7th Cir. 2005) (nonprecedential) (three days without a mattress and having to sleep on a metal bedframe did not violate Eighth Amendment); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothing, mattress, or bedding not Eighth Amendment violation); *Maldanado v. Dep't of Corr.*, No. 1:13-CV-2249, 2017 WL 3034768, at *3 (M.D. Pa. July 18, 2017) (four or five days without mattress not a cognizable conditions-of-confinement claim); *Milhouse v. Gee*, No. 1:09-CV-2134, 2011 WL 3627414, at *12 (M.D. Pa. Aug. 17, 2011) (two weeks without a mattress did not violate Eighth Amendment).

Here, Pack alleges that he went without a mattress while in the camera cell and in cell D-18. (Doc. 2, at 3). He does not allege the number of days he went without a mattress. Therefore, his Eighth Amendment claim will be dismissed without prejudice.

The Court also highlights that Pack does not allege who denied him a mattress. Therefore, he has failed to allege the personal involvement of any of the named Defendants in the alleged Eighth Amendment violation, which is also fatal to his claim.

### 3. "709"

Here, Pack fails to state what constitutes "709" and fails to allege who denied him "709." (Doc. 2, at 3). Without these alleged factual details, Pack has failed to allege an Eighth Amendment violation. Therefore, his claim will be dismissed without prejudice.

D. THE FOURTEENTH AMENDMENT CLAIMS WILL BE DISMISSED.

Pack raises Fourteenth Amendment claims and alleges that "they" broke DOC policy procedure protocol and due process. (Doc. 2, at 3, 7).

The Fourteenth Amendment provides, in pertinent part, that no State shall "deprive any person of life, liberty, or property, without due process of law[.]" *See* U.S. Const. amend. XIV. A Fourteenth Amendment due process claim requires that a liberty interest be at stake:

> Procedural due process rights are [only] triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.E.2d 418 (1995). In determining whether a protected liberty interest exists, the court must consider: (1) the duration of the disciplinary confinement; and (2) whether the conditions of confinement were significantly more restrictive than those imposed upon other inmates in solitary confinement. *See id.* at 468, 115 S.Ct. 2293; *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000).

*Huertas v. Sec'y of Pa. Dep't of Corr.*, 533 F. App'x 64, 66 (3d Cir. 2013).

Pack alleges that his sentence for the misconduct was "30 days D.C. time." (Doc. 2, at 3). The United States Supreme Court has held that a finite period of 30 days in solitary confinement for disciplinary purposes did "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486. Therefore, the 30 days in disciplinary custody is insufficient to trigger a liberty interest. As such, the Court will dismiss the Fourteenth Amendment claim without prejudice.

The Court also notes that Pack failed to identify "they." (Doc. 2). Therefore, he has not established the personal involvement of any of the named Defendants, which is also fatal to his claim.

## V.    CONCLUSION

For the above stated reasons, the Court will grant Pack's motions to proceed *in forma pauperis* and screen the complaint pursuant to Section 1915A. The Court will dismiss the complaint, and, in doing so, dismiss all claims against the DOC with prejudice and all other claims without prejudice. The Court will grant Pack leave to file an amended complaint to

curing the pleading defects set forth above. *See Grayson*, 293 F.3d at 108. Any amended complaint will be titled "Amended Complaint" and will be filed under the above captioned case number

      An appropriate order follows.

**Dated: May 22, 2026**
                                    *s/ Karoline Mehalchick*
                                      **KAROLINE MEHALCHICK**
                                      **United States District Judge**